

**U.S. Department of Justice**

**Tax Division**

Trial Attorney: Christopher J. Williamson
Tel: 202-307-2250 / Fax: 202-514-6866
Christopher.J.Williamson@usdoj.gov

Please reply to:   Civil Trial Section, Eastern Region
                   P.O. Box 227
                   Washington, D.C. 20044

REZ:DSM:CJWilliamson                          DJ 5-35-12736 / CMN 2020100874

The Honorable Paul W. Grimm
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, MD 20770

Re:   *R.V., et al., v. Mnuchin, et al.*, 8:20-CV-1148-PWG (D. Md.)

Dear Judge Grimm,

Pursuant to the Court's May 14, 2020 order, Dkt. 26, the United States submits this letter briefly setting forth grounds for dismissing plaintiffs' complaint under Fed. R. Civ. P. 12(b).

Plaintiffs are seven children who, on behalf of a purported class, seek to invalidate certain eligibility requirements to obtain a refundable tax credit under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). They allege they are U.S. citizens whose parents are not permitted advance payment of an additional $500 amount added to the tax credits of "eligible individuals" with a qualifying child. They seek a declaration that 26 U.S.C. § 6428(g) is an unconstitutional alienage classification and demand payment of $500 per child as damages.

The complaint should be dismissed. *First*, since qualifying children are not entitled to the tax credit, plaintiffs have suffered no cognizable injury and lack standing. *Second*, there is no waiver of sovereign immunity conferring jurisdiction over this action. *Third*, plaintiffs fail to state a claim because 26 U.S.C. § 6428(g) is not an impermissible alienage classification.

**1.    Background of the CARES Act and plaintiffs' claims.**

The CARES Act creates a refundable tax credit through 26 U.S.C. § 6428 (the "CARES Act credit"). Section 6428(a) affords eligible taxpayers a refundable tax credit against federal income tax liability for the 2020 tax year. Eligible taxpayers are entitled to a credit of $1,200, or $2,400 in the case of eligible taxpayers filing a joint return, plus $500 per qualifying child. 26 U.S.C. § 6428(a). A qualifying child is not entitled to the credit. Instead, an eligible *taxpayer's* credit is determined, in part, by the number of qualifying children included on her tax return.

The CARES Act credit is implemented, in part, through advance refunds, also referred to as economic impact payments. Section 6428(f) provides that an eligible taxpayer may receive advance payment of the CARES Act credit during 2020. Each eligible taxpayer is treated as having made an overpayment of her 2019 federal income tax liability. *See id.* § 6428(f). This treatment enables the IRS to issue an advance refund of the credit to expedite relief.

Section 6428(f)(3)(A) provides that advance payments are to be made "as rapidly as possible," but does not confer upon eligible taxpayers, or their dependents, any justiciable right to payment of an advance refund. Nor does the Act confer any right to receive funds at a particular time or in a particular manner. If the IRS does not issue an advance refund to an eligible taxpayer, for any reason, there is no statutory mechanism to compel advance payment.

- 2 -

Not every taxpayer may claim a CARES Act credit. It is limited based upon income and is available only to a statutorily defined "eligible individual," *id*. §§ 6428(c), (d). The 2008 Economic Stimulus Act, Pub. L. No. 110-185 ("ESA"), contained a substantially similar refundable tax credit with the same eligibility requirement that is at issue in this lawsuit. Both the ESA and the CARES Act define an "eligible individual" as anyone other than a nonresident alien or a dependent as defined in section 152. *See* 26 U.S.C. § 6428(d). Plaintiffs do not challenge this provision. Rather, they fault section 6428(g), which disallows any credit to an "eligible individual" who does not include on her tax return a valid social security number ("SSN") for the taxpayer, her spouse (if filing a joint return), and any qualifying child. *See id*. §§ 6428(g)(1), (2). An otherwise eligible U.S. citizen married to a spouse without a valid SSN may file a separate return or amend her filing status by July 15, 2020, and obtain the credit (including any additional credit amount based on the number of her qualifying children). *See id*.

**2.      Plaintiffs lack both Article III and statutory standing.**

Plaintiffs (or their representatives) have no standing to challenge the CARES Act credit's eligibility rules, since, as qualifying children, they are not, and cannot be, *recipients* of the credit. Section 6428 does not entitle *any* qualifying child to the credit, even if both parents have SSNs.

To have standing to sue, plaintiffs must show they suffered a concrete and particularized injury-in-fact that is actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). They also must establish a fairly traceable causal connection between the injury and defendants' conduct and that the alleged harm will be redressed by a favorable ruling. *Id*. at 560-61. The "standing inquiry has been especially rigorous when reaching the merits of the dispute would force [a court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Raines v. Byrd*, 521 U.S. 811, 819-20 (1997).

Here, plaintiffs cannot establish injury in fact because they are not "among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972). They concede CARES Act credits are available as advance refunds only to eligible taxpayers. *See* Dkt. 1, ¶67 (alleging defendants "withheld money owed to Plaintiff Parents"). The credit amount *for eligible taxpayers* increases based on the number of qualifying children. *See* 26 U.S.C. §§ 6428(a)(2), (d)(2). That is because the credit is "'*accorded by Congress to the parent(s) filing the tax return(s),* since the expenses of raising the child are borne by the parent(s). It is not a severable stimulus payment.'" *In re Smith*, 393 B.R. 205, 209 n.11 (Bankr. S.D. Ind. 2008) (emphasis in original) (citation omitted) (describing the 2008 ESA tax credit, which was also paid in advance).

Like other provisions of the Tax Code, the CARES Act credit inures to parents, not children. *See In re Parisi*, 2010 WL 1849386, at *2 (Bankr. E.D.N.Y. May 6, 2010) ("there is no evidence that the child tax credit was intended to be given to parents in trust for their children with the parents being the conduit"). Congress created tax credits, like the Child Tax Credit, to reduce the individual income tax burden of eligible taxpayers with dependent children, given the financial responsibilities of raising dependent children. *In re Hardy*, 787 F.3d 1189, 1193 (8th Cir. 2015). Plaintiffs themselves have suffered no "direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (citation omitted).

In similar contexts like child support, courts repeatedly have held that a child does not have the direct interest in the suit needed for standing, because payments are made to her parents.

- 3 -

*See, e.g., Matter of Hosier*, 875 F.2d 128, 129 (7th Cir. 1989); *Kelleher v. Kelleher*, 316 N.E.2d 212, 215 (Ill. App. 1974); *Ben Ami v. Ben Ami*, 168 N.E.2d 723 (N.Y. 1960). Any injury asserted by such plaintiffs is not "concrete and particularized," since the alleged injury does not "affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1.

Plaintiffs cannot overcome their lack of a cognizable interest in a CARES Act credit by seeking to litigate on behalf of their parents, or having their parents litigate on their behalf. Under prudential or statutory standing, a litigant is barred from raising another person's legal rights or adjudicating general grievances, and her complaint must fall in the "zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 126-29 (2014). Courts thus generally do not permit litigating the tax liability of others, or suing to obtain another's benefits. *See, e.g., Simon v. E. Ky. Welfare Rights Org.,* 426 U.S. 26, 36 (1976); *Warth v. Seldin,* 422 U.S. 490, 498-501 (1975). It is improper for "one person to litigate about the amount of someone else's taxes (or someone else's subsidies, which are taxes in reverse)." *Ass'n of Am. Physicians & Surgeons, Inc. v. Koskinen*, 768 F.3d 640, 642 (7th Cir. 2014); *see also United States v. Williams*, 514 U.S. 527, 536 (1995) (tax refund suit limited to those against whom a tax was assessed or collected).

**3.      The Court does not have subject matter jurisdiction over plaintiffs' claims.**

Plaintiffs' failure to affirmatively establish jurisdiction requires dismissal of their complaint. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The United States and its officials cannot be sued without an "unequivocally expressed" statutory waiver of sovereign immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Waivers are strictly construed "so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires[.]" *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012).

The CARES Act itself does not contain any jurisdictional grant or waiver of sovereign immunity. *See* Pub. L. No. 116-136. Instead, plaintiffs allege jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1346(a)(2). *See* Dkt. 1, ¶11. However, those statutes do not permit this lawsuit. Instead, plaintiffs with standing must bring the claims in a properly filed refund action.

Neither section 1331 nor section 1343 provide the unequivocally expressed waiver of sovereign immunity necessary to proceed against the United States. Section 1331 "'is not a general waiver of sovereign immunity. It merely establishes a subject matter that is within the competence of federal courts to entertain.'" *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (citation omitted). Section 1343, originally passed as part of the Civil Rights Act of 1871, also does not waive sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979).

The Little Tucker Act, 28 U.S.C. § 1346(a), creates jurisdiction in a district court and waives sovereign immunity for an action falling within its jurisdictional grant. *See United States v. Mitchell*, 463 U.S. 206, 212-18 (1983); *United States v. Testan*, 424 U.S. 392, 397-98 (1976). However, section 1346(a)(2) does not create a substantive cause of action; in order to come within its jurisdictional reach and waiver, a plaintiff must identify a separate "money-mandating" statute that creates the right to compensation for damages she sustained due to government misconduct. *Mitchell*, 463 U.S. at 217; *Testan*, 424 U.S. at 398. Money-mandating provisions are "uncommon." *Maine Comm. Health Options v. United States*, 140 S. Ct. 1308, 1327-29 (2020).

The CARES Act cannot be fairly interpreted as mandating compensation by the United

States for any alleged harm it caused to plaintiffs. *See id.* (quoting *Mitchell*, 463 U.S. at 216-17). 26 U.S.C. § 6428 is a *tax statute*; there is no waiver of sovereign immunity authorizing *damages* related to taxes under 28 U.S.C. § 1346(a)(2). Rather, any challenge to the denial of a credit is governed by section 1346(a)(1), which permits such suits only under 26 U.S.C. § 7422. *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 5-8 (2008); *Webb v. United States*, 66 F.3d 691, 693 (4th Cir. 1995). A section 7422 refund suit is also the vehicle to raise a constitutional challenge to the denial of a refund or credit. *See Clintwood,* 553 U.S. at 9-10.

Congress expressly limited the circumstances under which a plaintiff may bring a tax refund suit; a section 7422 action can be brought only if certain jurisdictional prerequisites are fully met. *See id.* at 5-8; *Webb,* 66 F.3d at 693; *United States v. Dalm,* 494 U.S. 596 (1990); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008). A taxpayer first must file a timely administrative claim with the IRS, *see* 26 U.S.C. §§ 6511(a), 7422(a), and the IRS must deny the claim or fail to act upon it within six months. *See* 26 U.S.C. § 6532(a)(1); 28 U.S.C. §§ 1346(a)(1), 1491; *United States v. Felt & Tarrant Mfg.,* 283 U.S. 269, 272 (1931). The exhaustion requirement applies to all refund suits, including claims that provisions of the Tax Code violate the Constitution. *See Clintwood*, 553 U.S. at 9. If a plaintiff fails to exhaust administrative remedies in this manner, her lawsuit must be dismissed for lack of jurisdiction. *Beckwith Realty, Inc. v. United States*, 896 F.2d 860, 863 (4th Cir. 1990); *Lewis v. Sadler*, 498 F.2d 395, 399-400 (4th Cir. 1974); *Brest v. Lewis*, 2009 WL 4679649, at *3 (N.D. Ill. Dec. 7, 2009) (barring challenge to withholding of ESA advance refund because plaintiff failed to exhaust remedies); *Fatani v. I.R.S.,* 2009 WL 763059, at *1 (D. Utah Mar. 23, 2009) (same).

Neither plaintiffs, *see* Count II, nor their parents, *see* Count III, may seek damages under section 1346(a)(2). In order to challenge ineligibility for the CARES Act credit, a taxpayer may proceed only by a refund action, filed after she exhausts administrative remedies, even if she thinks exhaustion is futile. *See Felt*, 283 U.S. at 272-73. Plaintiffs' parents may submit a 2020 tax return in 2021 and file a claim with the IRS alleging entitlement to the credit because section 6428(g) is unconstitutional. Until they do so, the Court is without jurisdiction.

**4.     Plaintiffs fail to state an equal protection claim based on their parents' alienage.**

Plaintiffs allege that the SSN requirement of section 6428(g)(1) discriminates due to their parents' alienage. But section 6428(g)(1) turns on whether a person has an SSN, not alienage. And, even if the exclusion implicates alienage, it has a rational basis.

An SSN is not a proxy for alienage. Rather, it authorizes an individual to work in the United States. *See* 20 C.F.R. § 422.104. Many non-U.S. citizens have an SSN, and they are entitled to receive a CARES Act credit if they otherwise meet section 6428's requirements. By contrast, "nonresident alien" status, for taxation purposes, generally relates to time spent in the United States. *See* 26 U.S.C. § 7701(b); IRS Pub. 519. Unlike a nonresident, a resident must pay tax on worldwide income. *See* 26 C.F.R. § 1.1(b). Section 6428(d)(1) precludes nonresident aliens from claiming the credit.

The Constitution permits Congress to impose this policy distinction based on work authorization. *See McElrath v. Califano*, 615 F.2d 434, 441 (7th Cir. 1980) (requiring all family members provide SSNs as a condition of public aid eligibility does not violate equal protection). The Tax Code contains multiple provisions excluding non-SSN holders from credits available to SSN holders. For example, the Earned Income Tax Credit requires taxpayers to provide SSNs for

both spouses filing a joint return and any qualifying child. *See* 26 U.S.C. § 32(c)(1), (c)(3), (m). Likewise, a full Child Tax Credit is available only to those who include the qualifying child's SSN on the return. *See* 26 U.S.C. § 24(h)(7). The 2008 Economic Stimulus Act included a tax credit, which was also payable in advance "as rapidly as possible," with the same eligibility limitation at issue here. *See* 26 U.S.C. § 6428(e)(3) (2008).

Further, to the extent section 6428(g) implicates alienage, it does not violate equal protection. Fifth Amendment equal protection "is not an obligation to provide the best governance possible;" it only requires legislation to "classify the persons it affects in a manner rationally related to legitimate governmental objectives." *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981). The federal government has "broad, undoubted power over . . . immigration and the status of aliens." *Arizona v. United States*, 567 U.S. 387, 394 (2012). Rational basis review applies to federal laws classifying individuals based on alienage. *See Mathews v. Diaz*, 426, U.S. 67, 81-85 (1976). Likewise, Courts must give "substantial deference" to tax classifications, because Congress has broad latitude in the area of tax. *Mueller v. Allen*, 463 U.S. 388, 396 (1983). Ultimately, "the Fifth Amendment cannot apply" to reasonable classifications of taxpayers. *Barclay & Co. v. Edwards*, 267 U.S. 442, 450 (1925).

Under rational basis review, a statute like the CARES Act "is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to" a legitimate interest. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). A statute with a reasonable basis does not violate the Constitution even if it "is not made with mathematical nicety or because in practice it results in some inequality." *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911); *see also FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993) (A "legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data").

Section 6428(g) is rationally based because it assists with the efficient and accurate implementation of the CARES Act. *See Lewis v. Thompson*, 252 F.3d 567, 583 (2d Cir. 2001) (finding rational basis for distinction based on undocumented status). To further its policy goal of providing the credit only to individuals authorized to work, and to effectuate section 6428(d)(1), Congress generally precluded credit claims submitted by individuals without SSNs, whether the claim is submitted on a joint or individual return. This decision was reasonable given Congress' desires to disburse aid efficiently, avoid payments to statutorily ineligible individuals, and reduce fraud and abuse. It is irrelevant whether Congress could have selected a different method to achieve the same result, and the wisdom of policy is not at issue. *See Nat'l Fed'n of Indep. Bus. v. Sebelius,* 567 U.S. 519, 563 (2012); *Brushaber v. Union Pac. R. Co.*, 240 U.S. 1, 26 (1916).

***

For the foregoing reasons, plaintiffs' complaint should be dismissed.

Respectfully submitted,

*/s/ Christopher J. Williamson*
CHRISTOPHER J. WILLIAMSON
JORDAN A. KONIG
Trial Attorneys
