## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| R.V., a minor by and through his next friend and mother N.R., et al., | Civil Action No. 8:20-cv-1148 |
| Plaintiffs, | |
| v. | |
| STEVEN T. MNUCHIN, et al., | |
| Defendants. | |

## DEFENDANTS' ANSWER TO
## PLAINTIFFS' CLASS ACTION COMPLAINT

Defendants hereby answers plaintiffs' class action complaint (the "Complaint").

### FIRST DEFENSE

The Citizen Children Plaintiffs and the Parent Plaintiffs seek: (1) a declaration that the CARES Act unconstitutionally denies advance refunds under the CARES Act to the Citizen Children Plaintiffs; and (2) damages in the amount of $500 for each citizen child paid either directly to the Citizen Children Plaintiffs or, in the alternative, to the Parent Plaintiffs on behalf of the Citizen Children Plaintiffs. Both the Citizen Children Plaintiffs and the Parent Plaintiffs lack standing to bring this lawsuit because the Citizen Children Plaintiffs, like all qualifying children under 26 U.S.C. § 24(c), are not entitled to, and are not the recipients of, any credit under 26 U.S.C. § 6428.

### SECOND DEFENSE

Federal subject matter jurisdiction does not exist in this matter for either

prospective relief or damages under 28 U.S.C. §§ 1331, 1343, or 1346(a)(2).

## THIRD DEFENSE

Federal subject matter jurisdiction does not exist in this matter because the United States has not waived its sovereign immunity over suits seeking an advance refund of the tax credit provided in 26 U.S.C. § 6428.

## FOURTH DEFENSE

Plaintiffs' class action complaint fails to state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## FIFTH DEFENSE

Defendants respond to the numbered paragraphs of plaintiffs' class action complaint as follows:

## Introduction

1.      Paragraph 1 contains a general description of plaintiffs' lawsuit, to which no response is necessary.  To the extent a response is required, defendants deny the allegations in paragraph 1.

2.      Paragraph 2 contains a general description of the background to plaintiffs' lawsuit, to which no response is necessary.  To the extent a response is required, defendants admit that the COVID-19 pandemic has caused substantial disruptions throughout the United States.  Defendants deny the remaining allegations in paragraph 2.

3.      Paragraph 3 contains several assertions regarding the Coronavirus Aid, Relief, and Economic Security ("CARES") Act tax credit set forth in 26 U.S.C § 6428.  To

the extent paragraph 3 describes the CARES Act tax credit or the provisions of section

6428 using terms other than the statutory language, defendants deny those allegations.

4.      Defendants deny the allegations in the first sentence of paragraph 4.

Defendants admit the allegations in the second sentence of paragraph 4.  Defendants

admit that, as of June 3, 2020, nearly 160 million individuals had received advance

refunds totaling more than $267 billion under section 6428.  Defendants deny the

remaining allegations in the third sentence of paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants admit the allegations in the first sentence in paragraph 6.

Defendants deny the remaining allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

8.      Paragraph 8 contains a general description of plaintiffs' lawsuit, to which

no response is necessary.  To the extent a response is required, defendants deny the

allegations in paragraph 8.

9.      Paragraph 9 contains a general description of plaintiffs' lawsuit, to which

no response is necessary.  To the extent a response is required, defendants deny the

allegations in paragraph 9.

10.      Paragraph 10 contains a general description of plaintiffs' lawsuit, to which

no response is necessary.  To the extent a response is required, defendants deny the

allegations in paragraph 10.

**Jurisdiction and Venue**

11.      Defendants deny the allegations in paragraph 11.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

**Parties**

13.     Defendants deny the fourth sentence of paragraph 13.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Defendants deny the statement "[i]f the government distributed to N.R. the $500 benefit intended for children."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16.     Defendants deny the fourth sentence of paragraph 16.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Defendants deny the statement "[i]f the government distributed to C.V. the $500 benefit intended for children."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19.     Defendants deny the fifth sentence of paragraph 19.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Defendants deny the statement "[i]f the government distributed to H.G.T. the $500 benefit intended for children."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22.     Defendants deny the fifth sentence of paragraph 22.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Defendants deny the statement "[i]f the government distributed to M.M. and J.R. the $500 benefit intended for children."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25.     Defendants admit that Steven T. Mnuchin is the Secretary of the Treasury and that, in his official capacity as Secretary of the Treasury, is ultimately responsible for administering section 6428, including the advance refund of the tax credit provided in section 6428(f).  Defendants deny the remaining allegations of paragraph 25.

26.     Defendants deny the allegations in paragraph 26.

## Background

27.     Paragraph 27 contains plaintiffs' description of the federal tax system, to which no response is required.  To the extent a response is required, defendants deny

the allegations in paragraph 27.

28.     Paragraph 28 contains plaintiffs' description of the federal tax system, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 28.

29.     Defendants admit that President Trump stated that the CARES Act "will deliver urgently needed relief to our nation's families, workers, and businesses." Defendants deny the remaining allegations in paragraph 29.

30.      Defendants deny the allegations in paragraph 30.  Paragraph 30 describes the CARES Act tax credit or the provisions of section 6428 using terms other than the statutory language.

31.     Paragraph 31 contains several assertions regarding 26 U.S.C. § 7701(b) and the CARES Act tax credit set forth in 26 U.S.C § 6428.  To the extent paragraph 31 describes section 7701(b), the CARES Act tax credit, or the provisions of section 6428 using terms other than the statutory language, defendants deny those allegations.

32.     Paragraph 32 contains several assertions regarding 26 U.S.C. §§ 24(c) and 152(c) and the CARES Act tax credit set forth in 26 U.S.C § 6428.  To the extent paragraph 32 describes sections 24(c) and 152(c), the CARES Act tax credit, or the provisions of section 6428 using terms other than the statutory language, defendants deny those allegations.

33.     Defendants deny the allegations in paragraph 33.  Paragraph 33 describes the CARES Act tax credit or the provisions of section 6428 using terms other than the statutory language.

34.     Paragraph 34 contains several assertions regarding the CARES Act tax credit set forth in 26 U.S.C § 6428.  To the extent paragraph 34 describes the CARES Act tax credit or the provisions of section 6428 using terms other than the statutory language, defendants deny those allegations.

35.     Defendants aver that the IRS implemented an online "Non-Filers: Enter Your Payment Info Here" portal for individuals who are eligible for a CARES Act credit, but who were not required to file federal income tax returns for 2018 and 2019 for any reason, including income of less than $12,200 or joint income of less than $24,400 if married filing jointly.  Defendants deny the remaining allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Paragraph 37 contains assertions regarding 26 U.S.C. § 24(h)(7), the CARES Act credit set forth in 26 U.S.C. § 6428, and 20 C.F.R. § 422.104(a).  To the extent paragraph 37 describes sections 24(h)(7), the CARES Act tax credit, the provisions of section 6428, or 20 C.F.R. § 422.104(a) using terms other than the statutory and regulatory language, defendants deny those allegations.  Defendants deny the remaining allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants admit that Representative TJ Cox stated "This bill punishes mixed-status households and denies some American citizens benefits they deserve.  It does not put a penny in the CDFI Fund to help disadvantaged communities," that he

7

spoke in support of the CARES Act, and that he voted for its passage.  Defendants deny the remaining allegations in paragraph 41.

42.    Defendants deny the allegations in paragraph 42.

43.    Defendants deny the allegations in paragraph 43.

**Injury to Plaintiffs**

44.    Defendants deny the allegations in paragraph 44.

45.    Defendants deny the allegations in paragraph 45.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

**Class Allegations**

56.     Paragraph 56 contains a statement about plaintiffs' purported classes, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 56.

57.     Paragraph 57 contains a statement about plaintiffs' purported class of Citizen Children Plaintiffs, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 57.

58.     Paragraph 58 contains a statement about plaintiffs' purported class of Citizen Children Plaintiffs, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 58.

59.     Paragraph 59 contains a statement about plaintiffs' purported class of Citizen Children Plaintiffs, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 59.

60.     Paragraph 60 contains a statement about plaintiffs' purported class of Citizen Children Plaintiffs, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 60.

61.     Paragraph 61 contains a statement about plaintiffs' purported class of

Citizen Children Plaintiffs, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 61.

62.     Paragraph 62 contains a statement about plaintiffs' purported class of Citizen Children Plaintiffs, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 62.

63.     Paragraph 63 contains a statement about plaintiffs' purported class of Citizen Children Plaintiffs, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 63.

64.     Paragraph 64 contains a statement about plaintiffs' purported class of Plaintiff Parents, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 64.

65.     Paragraph 65 contains a statement about plaintiffs' purported class of Plaintiff Parents, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 65.

66.     Paragraph 66 contains a statement about plaintiffs' purported class of Plaintiff Parents, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 66.

67.     Paragraph 67 contains a statement about plaintiffs' purported class of Plaintiff Parents, to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 67.

68.     Paragraph 68 contains a statement about plaintiffs' purported class of Plaintiff Parents, to which no response is required.  To the extent a response is required,

defendants deny the allegations in paragraph 68.

69.     Paragraph 69 contains a statement about plaintiffs' purported class of

Plaintiff Parents, to which no response is required.  To the extent a response is required,

defendants deny the allegations in paragraph 69.

70.     Paragraph 70 contains a statement about plaintiffs' purported class of

Plaintiff Parents, to which no response is required.  To the extent a response is required,

defendants deny the allegations in paragraph 70.

**Claims for Relief**

**Count I – Citizen Children Plaintiffs, on behalf of themselves and others similarly situated, against Defendant Mnuchin – violation of the Fifth Amendment of the United States Constitution**

71.     Because paragraph 71 contains no allegation, no response is required.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

**Count II – Citizen Children Plaintiffs, on behalf of themselves and others similarly situated, against Defendant United States – Action for money damages under 26 U.S.C. § 6428 and 28 U.S.C. § 1346(a)(2)**

75.     Because paragraph 75 contains no allegation, no response is required.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

**Count III – Parent Plaintiffs, on behalf of themselves and others similarly situated, against Defendant United States – Action for money damages under 26 U.S.C. § 6428 and 28 U.S.C. § 1346(a)(2)**

81.     Because paragraph 81 contains no allegation, no response is required.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

//

//

//

//

//

//

//

//

//

//

//

WHEREFORE, having fully answered the allegations of the complaint, the defendants respectfully pray as follows:

A.     For judgment in their favor, denying the relief sought in the complaint and dismissing the claims with prejudice;

B.     That the defendants recover their attorneys' fees and costs incurred in defending this civil action; and,

C.     For such other and further relief as the court may deem to be just and appropriate.


Dated: July 10, 2020                          Respectfully submitted,

                                              */s/ Christopher J. Williamson*
                                              Christopher J. Williamson
                                              Jordan A. Konig
                                              Trial Attorneys, Tax Division
                                              U.S. Department of Justice
                                              Ben Franklin Station, P.O. Box 227
                                              Washington, DC 20044
                                              Tel: 202-307-2250
                                              Fax: 202–514-6866
                                              christopher.j.williamson@usdoj.gov
                                              *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT was filed with the Court's ECF system on July 10, 2020, which system serves electronically all filed documents on the same day of filing to all counsel of record.

*/s/ Christopher J. Williamson*
Christopher J. Williamson
Trial Attorney, Tax Division
U.S. Department of Justice
